# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ROBERT G. HALLAM, and**                                            **PLAINTIFFS**
**ALAINE G. HALLAM, Individuals**

**V.**                                                             **NO. 3:18-CV-220-DMB-RP**

**SOUTHAVEN R.V. CENTER, INC.,**
a Mississippi Profit Corporation; and
**REV RECREATION GROUP, INC.,**
a Foreign Profit Corporation                                            **DEFENDANTS**

## ORDER

Before the Court is "Defendant Southaven R.V. Center, Inc.'s Motion to Stay Action and Compel Plaintiffs to Submit Their Claims to Binding Arbitration." Doc. #7.

## I
## Procedural History

On September 7, 2018, Robert and Alaine Hallam filed a three-count complaint against Southaven R.V. Center, Inc. ("Southaven RV"), and REV Recreation Group, Inc. ("REV"), in the County Court of DeSoto County, Mississippi. Doc. #2 at 1. In their complaint, the Hallams allege that they purchased a used motor home from Southaven RV and that, within the warranty period, they discovered defects in the motor home which REV, the manufacturer, failed to repair. *Id*. at 1–3. Counts I and II of the complaint assert that REV breached the factory warranty and violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. *Id*. at 4–5, 5–6. Count III seeks revocation of the Hallams' acceptance of the motor home and the return of the purchase price from Southaven RV. *Id*. at 6–7.

REV, asserting federal question jurisdiction, removed the Hallams' state court action to the United States District Court for the Northern District of Mississippi on October 18, 2018. Doc.

#1. Southaven RV consented to and joined in the removal. Doc. #3 at 1. On October 25, 2018, REV filed a motion to dismiss or, alternatively, for summary judgment regarding the claims alleged against it. Doc. #5. REV's motion to dismiss has been fully briefed.[1] Docs. ##10–12.

On November 5, 2018, Southaven RV filed a "Motion to Stay Action and Compel Plaintiffs to Submit Their Claims to Binding Arbitration" regarding the claims brought against it. Doc. #7. Two days later, United States Magistrate Judge Roy Percy stayed all discovery and disclosure requirements pending a ruling on the motion to compel arbitration. Doc. #9. Neither REV nor the Hallams responded to Southaven RV's motion to compel arbitration.

## II
## Discussion

Section 2 of the Federal Arbitration Act ("FAA") provides:

> A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2019). This provision "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019). However, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute," *Papalote Creek II, L.L.C. v. Lower Co. River Auth.*, 918 F.3d 450, 454 (5th Cir. 2019) (emphasis omitted); and where "legal constraints external to the parties' agreement [do not] foreclose[] the arbitration of those claims," *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (quoting *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

---

[1] The Hallams filed a response opposing REV's motion to dismiss on November 16, 2018; however, their response was not timely filed. *See* Doc. #10. REV replied on November 20, 2018. Doc. #12.

2

## A. Agreement to Arbitrate

In seeking to compel the Hallams to arbitrate their claims against it, Southaven RV relies on an "Arbitration Agreement" signed by it and by the Hallams on August 12, 2017, in connection with the Hallams' purchase of the motor home.[2] Doc. #7-1 at 2, 4. The Arbitration Agreement provides in relevant part:

> Except for an action by SOUTHAVEN R.V. CENTER, INC. to obtain possession and/or replevin of the Vehicle, any controversy or claim between Buyer(s)/Lessee(s) and SOUTHAVEN R.V. CENTER, INC. arising out of or relating to the (1) Vehicle, (2) the Offer to Purchase or Lease Vehicle executed by Buyer(s)/Lessee(s) in connection with the purchase or lease of the Vehicle, (3) the related contract for the purchase or lease of the vehicle and/or (4) any and all related finance, insurance, extended warranty and/or service agreements …, or any breach thereof shall be resolved by binding arbitration ….

*Id.* at 4. The Arbitration Agreement also provides, "BUYER(S)/LESSEE(S) ACKNOWLEDGE AND AGREE THAT BY AGREEING TO ARBITRATION AS SET FORTH HEREIN, BUYER(S)/LESSEE(S) GIVE UP THE RIGHT TO APPEAR IN COURT AND THE RIGHT TO A JURY TRIAL." *Id.*

### *1. Validity*

Under Mississippi law,[3] "[a] valid contract must have (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation."

---

[2] To be enforceable under § 2 of the FAA, the "transaction involving commerce" must in fact involve interstate commerce. *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 279–80 (1995). The Hallams' purchase of the motor home is a transaction which involved interstate commerce because the motor home was "manufactured outside of Mississippi and traveled into Mississippi prior to the sale to [the Hallams]." Doc. #7-1 at 3.

[3] Generally, "courts apply the contract law of the particular state that governs the agreement." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). The Court will apply Mississippi contract law here. The Arbitration Agreement was executed in Mississippi. Doc. #2 at 2; Doc. #7-1 at 2–3; *see Grenada Living Center, LLC v. Coleman*, 961 So. 2d 33, 35–37 (Miss. 2007) (applying Mississippi law in determining validity of arbitration agreement executed in Mississippi). Moreover, no party has disputed that Mississippi law applies. *See, e.g.*, Doc. #8 at 2–3 (Southaven RV assumes Mississippi law applies to validity analysis).

3

*Grenada Living Ctr., LLC v. Coleman*, 961 So. 2d 33, 37 (Miss. 2007).

The requirements of two of more contracting parties and mutual assent are satisfied here because the Hallams and Southaven RV executed the Arbitration Agreement. *See* Doc. #7-1 at 2–4. Nothing has been submitted suggesting that the Hallams lacked the legal capacity to contract, and no legal prohibition precluding contract formation applies here. Further, the agreement is sufficiently definite because it specifies the categories of disputes that will be submitted to arbitration. *See id.* at 4; *Rotenberry v. Hooker*, 864 So. 2d 266, 273–74 (Miss. 2003) ("[a] contract is sufficiently definite if it contains matters which would enable the court under proper rules of construction to ascertain its terms.") (internal quotation marks omitted). Finally, the Arbitration Agreement is supported by consideration because the parties to it agreed to arbitrate the specified disputes and forfeited their rights to litigate such disputes in court.[4] *See Hardy*, 866 So. 2d at 452 (arbitration agreement supported by consideration when parties waived their rights to jury trial or to file suit in circuit court). Thus, the Court concludes the Arbitration Agreement is valid.

*2. Scope*

Against Southaven RV, the Hallams seek to revoke their purchase of the motor home and obtain a refund of the purchase price as well as money damages. Doc. #2 at 7. These claims clearly fall into the category of "any controversy or claim" between the Hallams and Southaven RV "arising out of or relating to" the motor home, the contract for the purchase of the motor home, any and all related warranty and/or service agreements, or any breach thereof, all of which are expressly provided for in the Arbitration Agreement. *See* Doc. #7-1 at 4. Thus, the Court concludes that the claims against Southaven RV are within the scope of the Arbitration Agreement.

---

[4] The Arbitration Agreement's exception for actions by Southaven RV to obtain possession and/or replevin of the vehicle, *see* Doc. #7-1 at 4, does not render the Arbitration Agreement unenforceable. "[M]utuality of obligation is not required for an arbitration agreement to be enforceable as long as there is consideration." *McKenzie Check Advance of Miss., LLC v. Hardy*, 866 So. 2d 446, 453 (Miss. 2004).

### B. Legal Constraints

Regarding whether any legal constraints foreclose arbitration, a court "ask[s] if any federal statute or policy renders the claims nonarbitrable." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (internal quotations omitted). No legal constraints have been presented to this Court which would prevent the arbitration of the Hallams' claims against Southaven RV. Accordingly, the Hallams' claims against Southaven RV are governed by the FAA and subject to arbitration.

### C. Stay

Southaven RV seeks to "stay all proceedings against [it], including discovery, pending the conclusion of the arbitration." Doc. #8 at 8; *see* Doc. #7 at 3. As mentioned above, only Count III of the complaint concerns Southaven RV. Doc. #2 at 6–7. Counts I and II concern REV, a non-signatory to the Arbitration Agreement. *See id.* at 4–6; Doc. #7-1 at 4.

Section 3 of the FAA requires a district court to stay a lawsuit or proceeding if it involves an "issue referable to arbitration under an agreement in writing for such arbitration …." 9 U.S.C. § 3 (2019). Section 3's mandatory stay provision normally only applies to signatories to an arbitration agreement. *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004). However, the mandatory stay provision can apply to non-signatories if "proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Id.* (citation omitted). The mandatory stay provision applies to claims against a non-signatory when "(1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are 'inherently inseparable'; and (3) the litigation has a 'critical impact' on the arbitration." *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016) (citing *Waste Mgmt., Inc.*, 372 F.3d at 343).

*1. Operative facts*

While *Rainier* did not define operative facts, the term ordinarily refers to those facts which relate "directly to the … claims in an action." *Cooper v. Meritor*, No. 4:16-cv-52, 2018 WL 1934065, at *3 (N.D. Miss. Apr. 24, 2018) (internal quotation marks omitted) (citation omitted). As discussed above, the Hallams assert three causes of action: (1) a claim for breach of factory warranty against REV; (2) a claim for violation of the Magnuson-Moss Warranty Act against REV; and (3) a claim for revocation against Southaven RV. Doc. #2 at 4–7. The claims against REV depend on a breach of the manufacturer warranty. *See Scirocco v. Ford Motor Co.*, No. 5:13-cv-128, 2015 WL 2451225 (S.D. Miss. May 21, 2015) (under Mississippi law, "[t]he plaintiff need only show that the product did not live up to its warranty"); *Broome v. Gen. Motors, LLC*, 145 So. 3d 645, 651 (Miss. 2014) (elements of Magnuson-Moss claim same as Mississippi law). The revocation claim against Southaven RV depends on a showing that the RV had a defect which substantially impaired the product's value. Miss. Code Ann. § 75-2-608(1). Although the Hallams' claims against the two defendants will require some different proof (breach of the warranty in the case of the claims against REV, and substantial impairment for the claim against Southaven RV), the claims generally rely on the same allegations of manufacturer defects in the vehicle. *See* Doc. #2 at ¶¶ 9–10 (listing alleged manufacturer defects). Given this overlap, the Court concludes the claims involve the same operative facts.

*2. Inherently inseparable*

With respect to the second factor, claims involving non-identical theories against a signatory and a non-signatory to an arbitration agreement are inherently inseparable when the action "fundamentally" concerns a single dispute and the plaintiff is "merely seeking different remedies for the same violation." *See Waste Mgmt., Inc.*, 372 F.3d at 343 (citation omitted). In

*Waste Management*, the plaintiff's breach of contract claim against the signatory defendant and the plaintiff's unjust enrichment, restitution, and breach of subrogated contract claims against the non-signatory defendant were inherently inseparable because the plaintiff "only suffered one alleged harm," which was a payment the plaintiff had been required to make on behalf of its former subsidiary company when the subsidiary defaulted on a lease. *Id.* at 340–41, 343.

Here, the Hallams assert non-identical theories against Southaven RV and REV—they demand revocation of their acceptance of the motor home under Mississippi Code § 75-2-608 against Southaven RV, while alleging breach of express warranty and a Magnuson-Moss Warranty Act violation against REV. *See* Doc. #2 at 4–6. Like *Waste Management*, the claims concern only one alleged harm—the sale and purchase of an allegedly defective product—for which the Hallams seek remedies in the form of reimbursement for repairs already performed on the product and the return of the product in exchange for return of the purchase price. *See* Doc. #2 at 2–4. Under these circumstances, the claim against Southaven RV is inherently inseparable from the claims against REV. *See generally Waste Mgmt.*, 373 F.3d at 345 (claims inherently separable when plaintiff was "trying to recover the *same* payment, for which both [defendants] have refused to pay and for which both are allegedly liable.").

### 3. Critical impact

Finally, in considering whether litigating the non-signatory's claims would have a critical impact on the signatory's claims, "[t]he question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Waste Mgmt., Inc.*, 372 F.3d at 343. When the claims in arbitration and the claims in litigation involve common questions of law or fact, the litigation would likely have a critical impact on the arbitration because the litigation could

resolve issues subject to arbitration. *See Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agr. Implement Workers, UAW*, 97 F.3d 155, 159 (6th Cir. 1996) ("arbitrators are bound by prior federal court decisions under the doctrines of collateral estoppel and/or res judicata."); *Broussard v. First Tower Loan, LLC*, No. 15-1161 c/w 15-2500, 2016 WL 879995, at *6 (E.D. La. Mar. 8, 2016) ("[g]iven the binding effect of a federal judgment, as well as the factual similarities in Broussard's and the EEOC's claims, the arbitrator would necessarily be strongly influenced to follow the Court's determination."); 18B FED. PRAC. & PROC. JURIS. § 4475.1 (2d ed.) ("[i]f an arbitrator refuses to recognize judicial disposition of an issue, a court may refuse to confirm the award.").

As explained above, the claims against REV and Southaven RV have distinct elements but involve a primary question of fact—whether the motor home had numerous defects. This factual overlap is sufficient to satisfy the third prong of the stay inquiry.

Because the FAA's mandatory stay provision requires the claim against Southaven RV to be stayed pending arbitration, and the *Waste Management* factors weigh in favor of staying the claims against REV,[5] this action will be stayed in its entirety pending the outcome of arbitration.

### III
### Conclusion

Southaven RV's motion to compel arbitration and to stay [7] is **GRANTED**. The Hallams'

---

[5] Even when a mandatory stay is not warranted, a court may exercise its discretion to stay the claims against non-signatories pending the outcome of arbitration "simply as a means of controlling its docket." *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *see Broussard*, 2016 WL 879995, at *5–6 (concluding that while the *Waste Management* factors did not weigh in favor of a mandatory stay due to a failure of the second factor, they nonetheless weighed in favor of a discretionary stay). Thus, even if a mandatory stay is not warranted here, this Court may order a discretionary stay because the facts and claims underlying the arbitration and litigation proceedings significantly overlap. *See Jones Walker, LLP v. Petaquilla Minerals, Ltd.*, No. 14-1203, 2015 WL 3772670, at *5 (E.D. La. June 17, 2015) ("A district court may exercise its discretion to impose a stay pending arbitration, even if the operative facts are not identical and the claims are not inherently inseparable, as long as the facts and claims forming the basis for the arbitration and litigation proceedings significantly overlap.") (quotation marks omitted) (citation omitted).

claims against Southaven RV shall be submitted to binding arbitration in accordance with the Arbitration Agreement. This action is **STAYED** in its entirety pending the outcome of arbitration.

    **SO ORDERED**, this 25th day of September, 2019.

                              **/s/Debra M. Brown**
                              **UNITED STATES DISTRICT JUDGE**